**Kenneth Ray COUCH, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 17, 1978.

Certiorari Denied by Supreme Court
May 22, 1978.

William H. Ortwein and Robert J. Batson, Jr., Chattanooga, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Larry Young, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

RUSSELL, Judge.

Kenneth Ray Couch appeals his forcible rape and armed robbery convictions. Concurrent penitentiary sentences of one hundred years and ten years respectively were fixed.

No question is raised as to the legal sufficiency of the convicting evidence. The victim testified that Couch broke into her apartment after her husband had left for work, and by threatening her and her two-year-old son with a knife forced her to submit to two acts of sexual intercourse and two episodes of oral crimes against nature. He thereafter robbed her of three watches and sixty dollars in currency.

Couch testified and admitted being with the complainant on this occasion, but contended that a Mr. Nixon took him to the woman's house, stating that the woman's husband was sterile and that she wished to have a baby. He testified that, while the complainant tried to seduce him, that he did not have intercourse with her. He stated that she gave him the watches to pawn for her and the money was a present.

Obviously, the jury rejected the incredible story. The victim sounded the alarm by telephone as soon as Couch left, and he was arrested by a police officer as he attempted

to flee the immediate neighborhood of the crime. There was substantial other incriminating evidence, including an admission to having had sexual intercourse with the complainant.

■ The first assignment of error complains of the fact that Couch did not receive a preliminary hearing. He was arrested (without a warrant) on July 23, 1975, and an arrest warrant apparently issued the following day. A request for a preliminary hearing was made and such a hearing was scheduled. However, before it could be held Couch attempted to kill himself, making it impossible to proceed as scheduled. Whereupon, the State took the case directly to the Grand Jury and on July 30, 1975, Couch was indicted. The following day the pending warrants were dismissed.

No attempt was made to obtain the dismissal of the indictments until January 19, 1976, (roughly six months later) when a motion to dismiss same, predicated upon the absence of a preliminary hearing, was filed. The trial judge overruled the motion, without setting out his reasons. We conclude that the motion was probably overruled because the denial of a preliminary hearing was the fault of Couch, not the State; and because the motion to dismiss was not timely. (T.C.A. § 40–1131 provides, in pertinent part: "Provided, however, that no such motion for abatement shall be granted after the expiration of thirty (30) days from the date of the accused's arrest".) We hold that this assignment of error is without merit.

■ It is next assigned as error that Couch should have been judicially committed as mentally unfit to stand trial, under the provisions of T.C.A. § 33–708. Such a hearing was held, and Couch was found to be competent to stand trial. The court's ruling was correct.

■ The next assignment of error grows out of Couch's pre-trial motion for State funds to have certain scientific tests performed. The tests had to do with the identity of the defendant's fingerprints found at the scene of the crime and the fact that a piece of paper found in the defendant's car had been torn from a larger piece of paper at the victim's home.

It is a sufficient answer in this case to say that since the defendant admitted being the man involved with the complainant, and so testified, that such tests would have availed nothing. Furthermore, our Supreme Court has held that an indigent defendant has no constitutional right to the provision of expert witnesses at State expense. *Graham v. State,* 547 S.W.2d 531 (Tenn.1977).

■ It is next contended that all evidence flowing from Couch's arrest should have been suppressed, on the predicate that the arrest was illegal. We hold to the contrary. The arresting officer was on patrol in the crime scene area when he received a broadcast concerning the rape. He saw the defendant running down a hill approximately one block from the scene. When the defendant saw the police car he started running in a different direction, got into a car and drove away at a high rate of speed. As the chase continued a description of the rapist fitting Couch was broadcast over the police radio. Certainly the arrest was legal, based upon probable cause.

■ Complaint is made that evidence of another offense was introduced. The complainant was permitted to testify as to a conversation with Couch during his attacks upon her, a portion of which had reference to the rape of another girl. Couch did not admit the other rape, but asked this victim if she knew about it, etc. Considering Couch's testimony that he went to the complainant's house to substitute for her husband, etc., it was germane to the court's inquiry to hear testimony as to everything that was said that would shed light upon the state of mind of the parties. The conversation about "the other girl that was raped" was probative on the issue of what happened in this instance, and was properly admitted.

■ The appellant contends that the indictment was amended without his agreement. However, the record reflects that the amendment was "with the consent of

the defendant and his attorney". The amendment changed the date of the offense from June 23rd to July 23rd. The assignment is overruled.

Finally, error is assigned upon the State's closing jury argument. It is said that the argument was "commenting on the future and/or making references to the parole board and its decisions". All that was said was that the State wanted a sentence set that was longer than Couch would be expected to live. This was not error.

We have carefully reviewed this record, and find that the appellant is patently guilty of a horrendous crime. He has received a fair and legal trial. It is manifestly necessary to the protection of society that he be incarcerated as sentenced. We affirm the judgments of the trial court.

DAUGHTREY and BYERS, JJ., concur.